Case number 23-3133, United States of America v. Joshua Christopher Doolin, at balance. Mr. Orenberg for the balance, Mr. Andrews for the appellee. Good morning. You may proceed when you're ready. Thank you, Your Honor. Good morning, and may it please this court. My name is Alan Orenberg, and I represent Joshua Christopher Doolin, who, by the way, has completed the prison term portion of his sentence, and he chose not to be here today. In our opinion, the threshold issue is whether Mr. Doolin may challenge the Civil Disorders Statute 18 U.S. Code Section 23, 231, excuse me, A3, as facially vague, even though Doolin did not challenge this statute as vague as applied. The Supreme Court in 2015, in Johnson v. United States 576 U.S. 591, curbed the principle, which the appellee cites in their brief, that a defendant may only challenge a statute as facially vague if the defendant also challenged the statute as vague as applied. Now, essentially, the as-applied challenge to the statute was impossible to determine pre-trial, and by the way, I was trial counsel, because there was no theory sufficiently alleged by the government as to how Mr. Doolin violated the statute, and there was no way to even know what the government was relying upon pre-trial until the facts were adduced at trial, which we alleged were insufficient facts as well. That's the problem with Section 231. There was no notice. There was no fair notice to Mr. Doolin prior to trial to inform us what we were defending against. And if that was a problem, then you file a motion for Bill to take it. I don't disagree with you, Judge Wilkins, but it was, shall we say, in the lead up to the trial, it was very difficult to ascertain what facts the government was relying upon to pursue the elements of 231. Okay, so it's our position for now, anything and everything can constitute a violation of Section 231, and this results in an unconstitutional vagueness. When you say anything and everything, I mean, it's not anything and everything, right? Well, it's not the entire global universe. That's correct. But it's the universe of the evidence or the discovery, which is produced and presented to defense counsel prior to trial. That's the universe of the evidence that we had at the time. And the defendant himself knows the conduct that he was involved in. And so to the extent that it's interfering with the duties of officers, he has to think about what he did. And then he probably knows what at least the government thinks constitutes that activity. I don't disagree with you, but we didn't have full fair notice of the government's theory of its prosecution to this particular statute at trial. Now, as you know, from my opening brief and reply brief, we also believe... You agree that the Supreme Court case law and the circuit's case law does not allow a void vagueness challenge if a person's conduct is clearly prescribed by the statute. Well, the problem is, and I am aware of this court's announcement, teachings in the United States versus Nassif from 2024, I believe. And Holder in the Supreme Court. Right. But we have only three other circuits that have addressed this issue. And two of those circuits was some 40, 50 years ago. But here, I mean, Mr. Doolin attempted to push through a police line with a riot shield. So how does that conduct not fit within the plain meaning of the statute, obstructing, impeding, or interfering with law enforcement officers performing their duties during a civil disorder? So it seems to me that you have to have an argument about why the particular conduct that was charged here is not within the statute in order to even bring a void for vagueness challenge. I don't disagree with you either, Judge Rao. So what's your argument? Well, the problem was we didn't have notice prior to trial, a full and fair notice of what the government was going to do or induce a trial. But that could have been... You could have made that argument and there was a remedy if that were the case, which was motion for a bill of particulars that the court could have granted you that would have set forth specifically what their theory of prosecution was. But none of that was pursued, right? Right. Again, I don't disagree. That was not pursued. That was not pursued at the time. Does the court have any other questions about this particular argument or would like to hear about other arguments that were advanced? You can use the time as you see fit. Okay. Thank you, Your Honor. We also challenged the enhancement for obstruction of justice and it's our position that Mr. Doolin did not willfully, knowingly attempt or commit obstruction of justice by deleting photographs from the keepsake, from his telephone that went into this keepsake program. Okay. He was very candid and honest and open with the investigating officers and with the court about how this particular program works. There was lots of testimony at trial about it, about how, I guess, data on a telephone can be moved to this particular program, which then automatically deletes it from his telephone. He was not trying to willfully or knowingly obstruct justice when doing so. It's our position that the district court judge was wrong when he found that he did commit obstruction of justice when performing this particular conduct. Mr. Ornberg, should we abide plain error review to this question because there was no challenge to the enhancement raised below? I recall there was a challenge. There was a challenge prior to sentencing to this particular enhancement. But the grounds on which, you know, the district court judge, I believe, asked several times, you know, whether there was, you know, any clarification about that enhancement or any, you know, and there was nothing raised at the time. The government hasn't argued for plain error review here, but I thought I would give you a chance to address that. Well, I don't disagree with that either. I think plain error is the standard of review here. You do? Yeah. So there was the keepsake issue, but there was also the district court found that Mr. Doolan's testimony was incredible, that he testified falsely about not having noticed barricades in view of other evidence. I think it was a video recording of him commenting that he passed through them, that his claim that he didn't know the riot shield was government property in view of the fact that it said Capitol Police on it, and that he somehow didn't understand the meaning of his own remarks in a video when he announced that they had taken the Capitol. I think those were also part of what the district court was relying on in applying the sentencing enhancement for obstruction of justice. Is that not your understanding? No, that's my understanding, but we believe that the district court abused its discretion when it made that final determination based on this. In what respect? Walk us through that a little bit. Well, the district court had an opportunity to hear from Mr. Doolan both at sentencing on that issue, and Mr. Doolan, like any other witness, took the oath and he testified truthfully about his recollection of the events that day and leading up to those days. So we believe it was abuse of discretion for the district court to apply that enhancement. I see that my time is about up. I wanted to reserve a little bit of time for rebuttal. Okay, thank you. Thank you. Good morning, Mr. Andrews. Good morning. May it please the court, Peter Andrews on behalf of the United States. On January 6, 2021, Mr. Doolan joined a mob that was besieged in the United States Capitol. He stole a riot shield, and he joined a mob that was trying to force its way into the Capitol through the tunnel. He used his body to directly oppose police officers who were trying to protect the tunnel from the mob of rioters. That conduct is clearly prescribed by 18 U.S.C. 231, the Civil Disorder Statute. And because that conduct is clearly prescribed, Mr. Doolan's vagueness challenge to the statute cannot succeed. He has not cleared the threshold of showing that his conduct in some way falls within any vagueness in the statute. As Mr. Doolan concedes in his brief, as he's conceded oral argument today, there's no ambiguity about whether or not his conduct falls within the scope of 231. And as this court has affirmed as recently as in the Nassif case, this longstanding principle that a defendant cannot challenge a criminal statute on due process vagueness grounds without some, if their conduct is clearly prescribed by the statute, that principle should be applied here. As to Mr. Doolan's argument about the Supreme Court's decision in Johnson, Johnson did not abrogate this rule. I think he's backed away from that this morning. You could move on. Sure. If he's backed away from that, then we would agree with that. Does the court have any other questions about the civil disorder piece of this? If not, I'll briefly address the keep safe and issues related to the obstruction enhancement. I have a question, Mr. Andrews. The district court said when he was imposing the enhancement that he was looking both at the behavior with regard to keep safe and also the false testimony during trial. So to uphold the enhancement, do we have to agree with both of those findings or just one of those findings? You just need to agree with one of those And why is that? Because he, he says that it's the combination of these two things. So when we're looking at on appellate review, I think either of those are independent bases for making out the obstruction enhancement under the, they could be independent bases. But if, if that's not what the district court found, we found you needed both. How should we think about that on appeal? The way to think about that is that either of these, either of these are independent bases for affirming the district court's decision to impose the enhancement. The fact that both of them were relied on by the district court, certainly lends force to the district court's legal and factual findings. Specifically, the factual findings were that the district court understood that to, to apply the enhancement to Mr. Doolin based on his testimony, it needed to conclude that he acted willfully in misleading the court as opposed to simply mistake or faulty memory. It's not enough to say Mr. Doolin took the stand and took an oath. And so the district court cannot have found that he testified falsely. I'm sorry, you just said that the district court found that he willfully testified falsely? The district court understood that willfully was the standard required to make a finding related to the obstruction enhancement. The district court did not specifically say I find that he testified willfully, but the district court did say that willfully was the standard that is required for, for that piece of it. So either the false testimony on the stand, which this court has discussed, or Mr. Doolin's actions with respect to the photos on his phone, not just moving the photos into KeepSafe, but then lying to the FBI that the photos no longer existed. And then either his or his associates later attempt to delete whatever photos may have been in the KeepSafe cloud application. Either of those sort of courses of conduct is sufficient to apply the obstruction. Right. We understand that there is evidence in the record and that a district judge, if that judge so chose, could apply, could find the enhancement supported by some subset of that evidence. I think the difficulty that we're probing is that the district judge's sentencing didn't specify which of those he was relying on. He didn't specify which false statements of Doolin he thought satisfied the legal criteria for perjury and, you know, and especially what was willfully false, as opposed to there may be some things that Mr. Doolin said that the judge thought were inaccurate, but weren't willfully false. And so if what the judge says is taking this all together is the basis, and we think that maybe he's wrongly made a determination about willful falsehood with respect to some piece of the testimony, how do we know that that doesn't affect the validity of the enhancement? So a couple thoughts in response. So first, when we talk about the standard of review of what was found at sentencing, I believe the district court's factual findings were reviewed for clear error. So first we would need to, this court would need conclude that there was some clear error in the district court's factual findings. The cases we've cited, sort of second, the cases we've cited in our brief stand for the idea that even if the district court does not make an explicit finding that X statement is perjury for Y reasons, that this court can nonetheless affirm if it's clear from the record what the district court, what false statements the district court was focused on. The parties at sentencing were all focused on the same examples of false statements. And the district court's conclusion that these statements were incredible, at least some of the statements were incredible, when taken together with the keepsake evidence is more than enough for this court to affirm the application of the sentencing enhancement. Mr. Andrews, I'm wondering, the government doesn't argue that plain error should apply to the enhancement, but it seems that your colleague on the other side has conceded that maybe plain error does apply. Is that something this court can apply sua sponte? I mean, there seems to be some split in circuit authority about whether a court can apply plain error if the parties have not asked for it. Has the government forfeited the plain error argument? So I would say at a minimum, Judge Rao, we didn't raise plain error. And the brief doesn't argue plain error because I'm not sure plain error applies here because I understood Mr. Doolan to be objecting to the application of this enhancement below. So candidly, I'm not sure there is a plain error issue here. I believe he did object. I hope that answers the question. Thank you. Do you have any objection to a holding that 231A3 requires that the defendant act with a purpose to obstruct law enforcement? The defendant, so should the court get past the threshold issue of Mr. Doolan's essentially standing to bring this claim, the government's view is that 231 requires the specific intent to obstruct, impede, or interfere with law enforcement officers. So acting with that purpose is consistent with the government's understanding of the statute. If there are no further questions from the court, we'd ask that the court affirm Mr. Doolan's convictions and sentence. Thank you. Thank you. Mr. Orenberg, reserve time. Thank you, Your Honor. With respect to the obstruction issue, the district court did not find that Mr. Doolan testified willfully when he was talking about the keepsake app and the pictures and so forth and so on. And I agree with I think what Mr. Andrews conceded or agreed with Judge Rao is that the argument is that we're saying that there should be both prongs of our challenge to this, which is the keepsake photos prong and the trial testimony prong have to be satisfied in order for the district, in order for the district court to have found a willful obstruction of justice in this case. With regards to the 231 issue, you know, it's our position. I just want to be clear that the statute is facially vague because it does lack the standards and it leads to arbitrary enforcement. You know, I still believe that this is somewhat of a case of first impression, although the court may have addressed this issue or at least heard or argument a few weeks ago in the St. Cyr case. I don't think the court has issued an opinion in that case yet. I know that it was in that brief. You filed your brief before the defendant in St. Cyr filed? Yes, I did. And how does it, do you have any idea why, how it happened that the brief in that case seems to copy large portions of your brief? No, Your Honor, to be candid, someone brought that to my attention after oral argument or right about the time that oral argument was said. I think it was around the first week of November. That wasn't that you had passed it along as a model brief on this issue? No, but my briefs were filed, they were on PACER. Anyway, if the court has no further questions, again, we ask that the court, you know, issue a decision which gives us the relief that we're seeking and if necessary, remand back to the district court for further findings. Thank you. And Mr. Armbar, we recognize that you are appointed by the court to represent Mr. Doolin in this case and the court thanks you for your... Thank you very much. Have a good morning.
judges: Pillard; Wilkins; Rao